# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-10545
Conference Calendar

JERRY M GILBERT; DELORES GILBERT

Plaintiffs-Appellants

v.

DANNY BARTEL, MD; NORTH TEXAS NEUROLOGY ASSOCIATES, LLP; NORTH TEXAS NEUROLOGY ASSOCIATES, INC

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:06-CV-177

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jerry and Delores Gilbert have appealed the district court's dismissal for lack of subject matter jurisdiction of a complaint naming Danny Bartel, M.D.; North Texas Neurology Associates, Inc.; and North Texas Neurology Associates, L.L.P. (collectively, Bartel) as defendants. The complaint alleged that Bartel committed malpractice in treating Ms. Gilbert and concealed Ms. Gilbert's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medical records in order to avoid liability in a state tort lawsuit. The Gilberts alleged claims of obstruction of justice, perjury, civil rights violations, breach of contract, fraud, deceptive trade practices, and gross negligence, as well as claims under 29 U.S.C. § 1113; 42 U.S.C. § 1320a-7a; and 18 U.S.C. §§ 3, 4, 1341 and 1343.

A case that does not present either federal question jurisdiction or diversity jurisdiction is subject to dismissal for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1), (h)(3). We review de novo the dismissal of a complaint for lack of subject matter jurisdiction. Musslewhite v. State Bar of Texas, 32 F.3d 942, 945 (5th Cir. 1994).

As the Gilberts do not allege that diversity of citizenship exists in this case, they must establish federal question jurisdiction. 28 U.S.C. § 1331. The district court held that federal question jurisdiction did not exist because the Gilberts alleged no facts that would support a claim under ERISA, they lacked standing to press criminal charges against Bartel, and they alleged no facts that would support a civil rights claim. The district court held that, as federal jurisdiction was lacking, it could not exercise supplemental jurisdiction over the Gilberts' state law claims. We agree with the district court's conclusion that federal jurisdiction does not exist in this case; however, we modify the judgment of dismissal to reflect that any pendent state law claims are dismissed without prejudice. See Sarmiento v. Texas Bd. of Veterinary Med. Examiners by and through Avery, 939 F.2d 1242, 1245 (5th Cir. 1991); see Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir. 1999).

JUDGMENT MODIFIED AND AFFIRMED AS MODIFIED.